UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Roshanak Ameli-Tehrani,

        Plaintiff,                               No. 2:09-CV-14126

v.                                                 Hon. Gerald E. Rosen

L. Kent Whiteman,

        Defendant.

_____/

## OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF IDAHO

                            At a session of said Court, held in
                            the U.S. Courthouse, Detroit, Michigan
                            on      February 26, 2010

                            PRESENT:    Honorable Gerald E. Rosen
                                                    Chief Judge, United States District Court

## I. INTRODUCTION

This matter is presently before the Court on Defendant Kent Whiteman's motion to dismiss this action pursuant to Fed. R.Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), or, in the alternative, to transfer this case to the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1404(a). Plaintiff Roshanak Ameli-Tehrani has responded and Defendant has replied. Having reviewed the parties' briefs and supporting evidence, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be determined on the briefs. For the reasons stated below, the Court has concluded that neither dismissal nor transfer is warranted.

1

## II. FACTUAL BACKGROUND

Plaintiff Roshanak Ameli-Tehrani ("Tehrani") and Defendant L. Kent Whiteman ("Whiteman") met in Michigan and quickly became business and romantic partners. Tehrani entrusted a substantial amount of money to Whiteman, who through a joint venture, invested the funds in Florida real estate. The parties then established a joint account at Northern Trust Bank in Florida to fund five separate ventures, drafting separate agreements for each venture that specified the amount contributed by each of them and the share of proceeds to which each of them would be entitled. In 2003, the parties stopped working together on the Florida joint ventures, and Tehrani's return of her capital plus her share of the net profit from these ventures totaled $503,180.

Whiteman, however, continued to hold Tehrani's money in the Northern Trust account, claiming that he was looking into a new Idaho joint venture for them. The parties, however, did not enter into this new joint venture. Instead, Whiteman used this money to finance his own personal project in Idaho. Tehrani demanded the return of her money, but Whiteman was unable to repay. Therefore, he executed a promissory note in lieu of payment. When Whiteman failed to repay the note as promised, Tehrani instituted this action.

Tehrani brings this suit on three counts: (1) breach of contract; (2) breach of fiduciary duty; and (3) unjust enrichment. Tehrani claims that Whiteman had a contractual obligation to pay on the note; that as Tehrani's attorney and business partner, he owed Tehrani the highest degree of loyalty, honesty, care and good faith; and that Whiteman derived benefits from retaining Tehrani's money. Tehrani is requesting $550,000 plus interest on the note, along with other damages she alleges to have as a result of Whiteman's breach, including interest, costs, and attorney fees.

III. DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE

a. *Proper Venue Under 28 U.S.C. § 1391(a)*

28 U.S.C. § 1391(a) governs venue in a diversity action. This statute provides that:

> a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a).

Venue is determined "at the commencement of an action." *Sullivan v. Tribley*, 602 F.Supp.2d 795, 799 (E.D. Mich. 2009). Plaintiff bears the initial burden of establishing venue. *Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393, 396 (E.D. Mich. 1994). Upon this showing, the burden shifts to the defendant to "establish[ ] that venue is improper." *Kelly Services v. Eidnes*, 530 F.Supp.2d 940, 948 (E.D. Mich. 2008).

The arguments of the parties here focus on § 1391(a)(1) and whether Defendant Whiteman resides in this district.

b. *"Resides" Under 28 U.S.C. § 1391(a)(1)*

"For venue purposes, and for the purpose of establishing diversity of citizenship for jurisdictional purposes, a person is a resident only where he is a citizen, is domiciled, and makes his permanent home." *Lee v. Hunt*, 410 F.Supp. 329, 332 (D.C. La. 1976). "Residence (domicile) under Title 28, United States Code, Section 1391(a) must be determined as of the time of the commencement of the action." *Id.* One cannot be without a domicile, "a person's previous domicile is not lost until a new one is acquired." *Von Dunser v. Aronoff*, 915 F.2d

3

1071, 1072 (6th Cir. 1990); *see also*, *Lee*, 410 F.Supp. at 333. To change one's domicile, an individual needs to both (1) reside in the new domicile and (2) intend to remain there. *Id*. Therefore, physical presence alone is not enough. *Id*. Accordingly, "mere absence from a fixed home, however long continued" will not suffice. *Kraiser*, 391 F.2d at 1010 (quoting *Mitchell v. United States*, 88 U.S. 350, 353 (1974)). Plaintiff bears the initial burden of proving venue; when defendant's domicile is challenged, the burden is then on the defendant to establish that he moved his domicile and his residence.[1] *Lee*, 410 F.Supp. at 331.

c. *Analysis*

Tehrani contends that Whiteman is a resident of Michigan and she has produced a number of exhibits to support her position. Specifically she relies upon:

(1) Washtenaw County property records showing that Whiteman is the owner of the 5389 Stark Strasse St. residence in Ann Arbor which he claimed as his homestead in 2009. (Exhibit 3);

(2) A Michigan Bar directory extract which shows that Whiteman is a licensed attorney in the State of Michigan. (Exhibit 4);[2]

(3) An online Idaho Bar roster search result which indicates that Whiteman is not licensed to practice law in Idaho. (Exhibit 5);

(4) State of Michigan voter registration information showing that as of December 2009 Whiteman was registered to vote in Michigan. (Exhibit 6);

---

[1] This is analogous to proving citizenship under the diversity statute. *See Kraiser*, 391 F.2d at 1010 (stating that the initial burden of proving citizenship is on the plaintiff; however, a rebuttable presumption is formed if the plaintiff is able to show that the defendant "had a former domicile in (another state)." *Id*. This presumption, that the former domicile continues to exist, can be rebutted if the defendant is able "to prove that it has changed." *Id*. (internal quotation omitted)).

[2] The current Bar directory (attorney roster as of January 2009) confirms this, as it lists his business address as 5270 Geddes Rd., Ann Arbor, Michigan.

(5) Blaine County Idaho Property Records showing that Whitehorse Properties LLC[3] (as opposed to Whiteman) is the listed owner of the 391 N. First Ave. property that Whiteman contends is his personal Idaho residence. (Exhibit 8). This supports Plaintiff's assertion that it is not unusual for Whiteman to reside in one of his investment properties while on location conducting business. *See* Plaintiff's Sworn Affidavit ¶ 10;

(6) An opinion from the Idaho Supreme Court, in a case involving Whiteman, which identified Whiteman as a Michigan resident;[4] and

(7) Testimony of Floyd Walters, who has maintained Whiteman's Ann Arbor property for the last 12 years and who, under oath stated that in November 2009, Whiteman bought or leased a car in Ann Arbor. Walter's Affidavit ¶ 4.

Having reviewed the foregoing evidence, the Court finds that Tehrani has met her burden of showing that venue is proper. The burden, thus, is on Whiteman to establish that venue is improper by proving that he has moved his domicile and his residence to Idaho.

Whiteman, himself, does not contest that he resided in Michigan; his argument is that he changed his domicile to Idaho before the October 20, 2009 commencement of this action. Whiteman, Supp. Decl. P 9. He claims that six months prior to the filing of the complaint, he established permanent residency in Idaho, and that he and his wife continue to reside there, where he claims both are employed. Whiteman, Decl. ¶ 3-5. Whiteman, however, failed to produce any evidence of his employment. The record evidence shows only that Whiteman is the sole owner of Whitehorse Properties, LLC, which is a Michigan limited liability company -- the

---

[3] Whiteman apparently is the sole owner of Whitehorse Properties, LLC. *See Farrell v. Whiteman*, Docket no. 34383, 2009 Opinion NO. 12, January 22, 2009, Supreme Court of Idaho.

[4] *Farrell v. Whiteman*, Docket no. 34383, 2009 Opinion NO. 12, January 22, 2009, Supreme Court of Idaho.

5

same company used to develop the Idaho condominium project. *See* Exhibit 9. *See also* Plaintiff's Affidavit ¶ 18.

Whiteman claims to have bought the 391 N. First Avenue, Idaho property approximately five years ago and he claims that he has resided at that address since April 2009. Whiteman, Supp. Decl. ¶ 3. To support his claim, Whiteman produced a Regence Blue Shield of Idaho bill and a billing notice dated September 28, 2009 for Medicare premium due. Exhibits A-1, A-2. The Regence Blue Shield bill, however, does not establish Whiteman's residence at 391 N. First Avenue, because the only address on the bill is a post office box, P.O. Box 4450. *See* Exhibit A-1.

Whiteman further contends that while he may own property in Michigan, he does not spend any time here. Whiteman, Decl. ¶ 2. However, this contention is disputed by Floyd Walter's sworn affidavit testimony that Whiteman bought or leased a car in Michigan a month before the date of Walter's affidavit, making the purchase or lease around November 9th of 2009. Walter's Affidavit ¶ 4.

Lastly, Whiteman argues that while the Idaho Supreme Court in its 2009 opinion identifies him as a Michigan resident, because the complaint in that lawsuit was filed several years ago, when he was a Michigan resident, the Idaho Supreme Court's statement should be given no weight as to his residence in October 2009. Whiteman, Supp. Decl. ¶ 9. Although Whiteman contends that there was a retrial of that lawsuit subsequent to the Supreme Court opinion at which he testified that he was a resident of Idaho, he has failed to produce any transcript of his purported testimony. Whiteman, Supp. Decl. ¶ 9.[5]

---

[5] In fact, he has produced no evidence (other than his own assertion) that a retrial occurred.

In sum, Whitman's only evidence of his change of domicile is his unsworn declaration and a billing notice sent to an Idaho address for a Medicare premium. The declaration, as pointed out above, has many inconsistencies, and one bill sent to the Idaho address of a property owned by Whiteman's company does not definitively establish that Whiteman "resided" at that address at the time the complaint was filed. This evidence simply is insufficient to establish a change of domicile. Dismissal, therefore, is not warranted as Whiteman has not met his burden of proving that venue in this district is improper.[6]

## IV. DEFENDANT'S ALTERNATIVE MOTION TO TRANSFER CASE TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF IDAHO

### a. *Motion to Change Venue Under 28 U.S.C. § 1404(a)*

The Court has broad discretion to transfer "any civil action to another district court if the transfer is warranted." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citation omitted). This determination should be made on an "individualized, case-by-case consideration of convenience and fairness." *Audi AG & Volkswagen of America Inc., v. Izumi*, 204 F.Supp.2d 1014, 1023 (E.D. Mich. 2002) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)). In making its decision, "the Court must determine whether: (1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interest of justice; and (3) a transfer would serve the parties' and witnesses' convenience." *Thomas v. Home Depot, U.S.A. Inc.,* 131 F.Supp.2d 934, 936 (E.D. Mich. 2001). Once the Court

---

[6] In addition to addressing the propriety of venue pursuant to 28 U.S.C. § 1391(a)(1), both parties also addressed venue under § 1391(a)(2)—i.e., where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. However, it is unnecessary for the Court to address this subsection as venue was found proper in this district based on the Defendant's residence. The Court also notes that both parties failed to address §1391(a)(3) -- where venue can be found in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced if there is no district in which the action may otherwise be brought. While it is also unnecessary for the Court to address this subsection, the Court notes, based on the facts of this case, venue in this district appears to be proper based on the amount of contacts the Defendant has with the State of Michigan.

determines that this action could have been brought in the transferee-court, there are a number of factors that the Court must weigh:

> (1) parties' convenience; (2) witnesses' convenience; (3) relative ease of access to sources of proof; (4) availability of process to compel attendance of unwilling witnesses; (5) cost of obtaining willing witnesses; (6) practical difficulties associated with trying the case quickly and inexpensively; and (7) interest of justice.

*Id*.[7]

The burden is on the moving party to demonstrate, by a preponderance of the evidence, that these factors favor the transferee forum. *Id*. Assertions need to be supported by the record and not on conclusory allegations. *Id*.

### b. *Analysis*

Whiteman needs to first establish that this case could have been brought in the District of Idaho. Whiteman contends that the Idaho District Court, like this Court, would have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Tehrani now resides in Washington, D.C. and he resides in Idaho. Venue would be proper in the District of Idaho if it were

---

[7] The following cases cite the same seven factors: *Audi AG & Volkswagen of America, Inc., v. Izumi*, 204 F.Supp.2d 1014, 1023 (E.D. Mich. 2002); *Sullivan, Jr., v. Tribley*, 602 F.Supp.2d 795, 800 (E.D. Mich. 2009); *Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393, 398 (E.D. Mich. 1994); *see also Uszynski v. Butterfield*, 2006 WL 2865220 (E.D. Mich. 2006)(citing the following additional factors that the Court may also consider:

> (1) administrative difficulties caused by the litigation; (2) burdening members of the community unrelated to the litigation with jury duty; (3) the interest of having local disputes solved locally; and (4) the appropriateness of having a diversity case in a forum that is at home with the state law that must govern the case.).

*Id*. There are a number of Michigan District Court cases that cite to nine factors:

> (1) The convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*IFL Group Inc., v. World Wide Flight Services, Inc.*, 306 F.Supp.2d 709, 712 (E.D. Mich. 2004); *Wayne County Employees' Retirement System v. MGIC Investment Corp.*, 604 F.Supp.2d 969, 974 (E.D. Mich. 2009); *Overland, Inc. v. Taylor*, 79 F.Supp.2d 809, 811 (E.D. Mich. 2000).

established that Whiteman resides there. However, Whiteman cannot establish that this case could have been brought in the District of Idaho because, as shown above, he has failed to prove that he was a resident of Idaho when this action was commenced. But, even assuming that Whiteman could establish this first element, he has failed to produce any specific evidence that would weigh in favor of transferring this case to the District of Idaho.

As noted, in determining whether to transfer venue, the Court must analyze the following factors:

### (1) **The Parties' Convenience**

Plaintiff's choice of forum is usually given great deference. *Audi AG & Volkswagen of America Inc.*, 204 F.Supp.2d at 1023. "A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Id*.

Whiteman argues that because Tehrani is now a resident of Washington D.C., it would be equally inconvenient for her to litigate this matter in Michigan as it would be in Idaho. Tehrani has to travel either way, and if this action is transferred to Idaho only one of them will have to travel. Tehrani argues that not only does Whiteman have property in Michigan, she also has property in Michigan and she frequently travels to Michigan and stays in the home she has here.

Whiteman's argument that Tehrani obtains no advantage because it is equally inconvenient for her to travel to Idaho as it is to Michigan is flawed. Traveling to Michigan would not be a burden on Tehrani because she has property in Michigan to which she frequently travels. Tehrani does not have residential property in Idaho. As a result, transfer would only shift inconvenience from one party to the other. This is not appropriate.

### (2) Witnesses' Convenience

"Witnesses' convenience is one of the most important factors." *Thomas*, 131 F.Supp.2d at 937. In analyzing this factor, it is the convenience of the key witness or witnesses as opposed to the quantity of witnesses living in a particular area that is of significance. *Id*.

Whiteman does not identify any witnesses other than Tehrani and himself. Because both of the parties will be key witnesses and Whiteman believes that Tehrani is equally inconvenienced in either forum, he incorrectly concludes that this factor weighs in his favor. In addition to the parties themselves, Tehrani alleges that two of the likely witnesses in this case will be the attorney and accountant located in Michigan, who represented the parties in their business ventures. These individuals are Michigan residents. Therefore, this factor weighs in favor of Plaintiff's choice of venue in Michigan.

### (3) Access to Sources of Proof

Whiteman contends that other than the promissory note and the accounting concerning the Florida bank account, Tehrani does not allege any other documents for this litigation. Whiteman, in his motion, alleges that all the documents that he may have relating to this action would be located at his Idaho residence. In addition, Whiteman notes that his deposition will be conducted in Idaho. Mere allegations of what documents the opposing party will bring for this litigation is not sufficient. In addition, Whiteman fails to identify which of the documents in his possession would be relevant to this litigation. Similarly, Tehrani fails in her Response to identify any documents that she anticipates will be used. As a result, this factor does not favor either party.

### (4) **Availability of Process to Compel Attendance of Unwilling Witnesses; and (5) Cost of Obtaining Willing Witnesses**

The two likely witnesses identified in this case, other than the parties themselves, are the accountant and the attorney, both Michigan residents who are amenable to compulsory process here. This factor, therefore, weighs in favors of Plaintiff's choice of venue.

### (6) **Practical Difficulties Associated with Trying the Case Quickly and Inexpensively; and (7) The Interest of Justice**

Whiteman's only argument is that in the event Tehrani is successful, any judgment would have to be enforced in Idaho where he resides. Whiteman has not presented any other evidence or relevant arguments regarding these elements. Besides reiterating that this lawsuit has no connection with this district, Whiteman contends that litigating in this district is an opportunity for Tehrani to harass him. Again with no specific record proof, these factors do not favor either party.

In sum, the Court finds that the burden on Defendant does not outweigh the interest of the Plaintiff in litigating this case in Michigan. While it may be true, as Defendant argues, that Plaintiff could have filed this action in Idaho, the choice of forum is Plaintiff's to make, and Plaintiff chose to file her action here.

More importantly, the Court finds that it is not unreasonable for Defendant to anticipate being haled into court in Michigan to defend his actions in this case. This lawsuit arises out of a relationship between the parties that developed in Michigan, while Defendant lived here. Throughout the course of this relationship, Defendant created continuing obligations between himself and the Plaintiff. Under these circumstances, Defendant should have anticipated being haled into court here.

Based upon the foregoing, the Court concludes that neither dismissal nor transfer is warranted. Whiteman has failed to present sufficient evidence to establish that he changed his domicile prior to October 20, 2009. As a result this action cannot be dismissed for improper venue. Furthermore, Whiteman failed to establish that this action could have been brought in the District of Idaho, because he relied on a fact that he could not prove -- that he was a resident of Idaho. Even assuming he could establish that this action could have been brought in the District of Idaho, Whiteman still has failed to persuade the Court that transfer is warranted because he did not produce any evidence that the above factors favor the transferee forum.

V. CONCLUSION

For all the foregoing reasons,

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss or Transfer this case to the U.S. District Court for the District of Idaho [Dkt #6] is DENIED.


Dated: February 26, 2010        s/Gerald E. Rosen
                                Gerald E. Rosen
                                Chief Judge, United States District


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2010, by electronic and/or ordinary mail.


                                s/Ruth A.Gunther
                                Case Manager   (313) 234-5137