# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROSHANAK AMELI-TEHRANI,**

    Plaintiff/Counter-Defendant,

vs.

**L. KENT WHITEMAN,**

    Defendant/Counter-Plaintiff.
_____/

**CIVIL ACTION NO. 09-cv-14126**

**DISTRICT JUDGE MARK A. GOLDSMITH**

**MAGISTRATE JUDGE MONA K. MAJZOUB**

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 45) AND DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER (DOCKET NO. 64)

These matters are before the Court on two motions. The first motion is Defendant/Counter-Plaintiff's ("Defendant") Motion to Compel Discovery. (Docket no. 45). The second motion is Plaintiff/Counter-Defendant's ("Plaintiff") Motion to Compel and Motion for Protective Order. (Docket no. 64). The motions are fully briefed. The parties have filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 78). These matters have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 46, 68). The Court heard oral argument on the motions on December 20, 2010. The motions are now ready for ruling.

**1.  Defendant's Motion to Compel Discovery**

Defendant served his Third Set of Interrogatories and Requests for Production of Documents to Plaintiff on August 10, 2010, consisting of one interrogatory and three document requests. He claims that Plaintiff served incomplete responses on September 17, 2010 and now moves for an order compelling full and complete responses to Interrogatory no. 10 and Requests for Production

1

of Documents nos. 79 and 81.

Interrogatory no. 10 asks Plaintiff to identify names and addresses of physicians or medical centers that have provided medical care or treatment to Plaintiff from 2004 to the present, along with the date of each visit, treatment, diagnosis, and any documents, medical records, invoices, x-rays, MRI reports or other medical reports. Request for Production no. 81 asks Plaintiff to produce her medical records from 2004 to present. Plaintiff objects that the requests are overly broad, unduly burdensome, and not relevant. The Court finds that the requests are not relevant to the claims and defenses in this action. Defendant's Motion to Compel as to his Third Set of Interrogatories no. 10 and Request for Production no. 81 will be denied.

Request for Production no. 79 asks Plaintiff to produce all of her financial statements and personal net worth statements, including all drafts and revisions of these documents from 2004 to present. Plaintiff states that she turned over to defense counsel all of the responsive documents she has in her possession, custody, or control. The Court will deny Defendant's motion as to Third Request for Production no. 79.

Defendant requests costs and attorney's fees in bringing this motion. Plaintiff also requests costs in the amount of $2,400 for having to defend this motion. The parties' requests for costs and attorney's fees will be denied. Fed. R. Civ. P. 37(a)(5)(B).

**2.     Plaintiff's Motion to Compel and Motion for Protective Order**

Plaintiff served her First Request for Admissions and Second Interrogatories and Requests to Produce Documents on Defendant on September 15, 2010. Defendant served written objections to the requests on October 15, 2010. Plaintiff now moves for an Order compelling Defendant to serve complete responses to Request for Admissions nos. 8, 9, 10, and Interrogatories nos. 5 and 7,

2

and produce documents responsive to Plaintiff's document requests nos. 2, 3, 4 , and 5.

The Court's April 12, 2010 Scheduling Order provides that all discovery must be initiated in advance of the September 15, 2010 discovery cut-off date. (Docket no. 14). Plaintiff acknowledges that she served her discovery requests on September 15, 2010. Accordingly, Plaintiff's First Requests to Admit and Second Interrogatories and Requests to Produce Documents are untimely and will be denied.

Next, Plaintiff moves for a protective order relieving her from answering any interrogatory or producing any document relating to her medical records. Since the Court has denied Defendant's Motion to Compel as to Plaintiff's medical records, and discovery has now closed, Plaintiff has failed to show good cause for the issuance of a protective order. Therefore, Plaintiff's request for a protective order will be denied.

The parties' requests for costs and attorney's fees will be denied. Fed. R. Civ. P. 37(a)(5)(B).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (docket no. 45) is **DENIED**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and Motion for Protective Order (docket no. 64) is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: December 22, 2010          s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: December 22, 2010          s/ Lisa C. Bartlett
                                               Case Manager