UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSHANAK AMELI-TEHRANI,

    Plaintiff,

                                          Civil Action No. 09-CV-14126
vs.                                       HON. MARK A. GOLDSMITH

L. KENT WHITEMAN,

    Defendant.
_____/

## OPINION AND ORDER CONCERNING DOCKET ENTRIES 40 & 82

Before the Court is "Defendant/Counter-Plaintiff L. Kent Whiteman's Objection to Portions of Magistrate Judge Majzoub's Order Dated September 2, 2010" (docket entry (D.E.) 40 and "Plaintiff [Roshanak Ameli-Tehrani]'s Objection to Magistrate's Order" (D.E. 82). The Court heard oral argument concerning Defendant Whiteman's filing on December 9, 2010, and considers Ameli-Tehrani's filing on the documents submitted to the Court.[1]

**I.    Docket entry 40**

    **A.  Factual Background**

The relevant background is as follows. On April 23, 2010, Whiteman served upon Ameli-Tehrani a request to produce, inter alia, "all your federal, state[,] and local income tax returns, including all schedule K-1's, from 1998 to present." D.E. 17-2 at ¶ 54. On June 23, 2010, Ameli-Tehrani responded to the request, but objected to the request as irrelevant and did not produce the requested documents. See D.E. 32 at 2 (Magistrate Judge Majzoub's order);

---

[1] Ameli-Tehrani did not file a response to D.E. 40. Whiteman did file a response to D.E. 82. See D.E. 83.

D.E. 18 (Judge Rosen's order denying motion to compel). On July 19, 2010 Whiteman filed a motion to compel, inter alia, the production of documents responsive to the request. See D.E. 17 at 7 (motion to compel); D.E. 32 at 2-3. In the motion, Whiteman argued that Ameli-Tehrani's objection was "disingenuous" and pointed out that Ameli-Tehrani herself had subpoenaed Heinz Schmidt (the parties' accountant) to produce Whiteman's tax returns, and that Schmidt had already provided them. D.E. 17 at 7. On July 20, 2010, Judge Rosen denied Whiteman's motion as untimely under the deadlines set out in his scheduling order. D.E. 18. In particular, Whiteman ran afoul of the scheduling order's requirement that motions to compel disputed discovery be filed within fourteen days of notice of the disputed discovery. D.E. 18 at 2.

On July 23, 2010, Whiteman issued a second set of requests for production. Among the items requested, Whiteman again asked for all "federal, state[,] and local income tax returns, including all schedule K-1's" for the years from 1998 to the (then) present. D.E. 19-3 at ¶ 61-72. Whitman also issued a subpoena duces tecum to the parties' accountant, Schmidt, asking for:

> All documents from 2004 to present, concerning Roshanak Ameli-Tehrani or any other entity [in] which she has an ownership interest: all communications (including email) to or from her or to which she is a recipient; all documents or other information pertaining to her business or real estate interests, including S. University Properties, LLC; and all of her tax returns, financial statements or personal net worth statements.

D.E. 40-2.[2] Ameli-Tehrani filed a motion to quash/for protective order, arguing that (i) the production request for tax returns was an attempt to circumvent Judge Rosen's prior ruling and (ii) the subpoena to Schmidt sought irrelevant information (apart from the tax returns, which were impermissible on the basis of Judge Rosen's ruling). D.E. 19 at 2-3. The Magistrate Judge granted the motion as to these claims. The Magistrate Judge struck Whiteman's request for

---

[2] This language was similar to that used in Ameli-Tehrani's prior request to Schmidt concerning Whiteman, D.E. 40-3, which resulted in Schmidt producing the requested documents.

production of the tax returns as an attempt to circumvent Judge Rosen's ruling. D.E. 32 at 2. The Magistrate Judge also granted the motion for protective order as to the subpoena:

> The subpoena includes yet another request for the tax returns, in an attempt to circumvent the Court's prior order. The remainder of the subpoena is overly broad and requests documents that are not limited to the relevant agreements, property and alleged transfers at issue in the claims, counter-claims and defenses in this action. Fed. R. Civ. P. 26(b)(1). The Court will grant Plaintiff's motion for protective order with respect to the August 4, 2010 subpoena to Heinz G. Schmidt, HAS Corporation. Fed. R. Civ. P. 26(b)(2)(C) and (c)(1)(A).

D.E. 32 at 2-3.

Whiteman objects to the Magistrate Judge's Order, arguing that the Magistrate Judge should not have granted Ameli-Tehrani's request as to the Schmidt subpoena. D.E. 40 at 1. With regard to the Magistrate Judge's circumvention rationale, Whiteman argues that Judge Rosen's order denying as untimely Whiteman's original request to compel the tax returns was a ruling that his request was "not properly before the Court," rather than a ruling that he could not obtain Ameli-Tehrani's tax returns. Id. at 3. Whiteman also points out that, before Judge Rosen, he was not attempting to obtain the tax returns from Schmidt. He argues that Judge Rosen's order "did not . . . prohibit Whiteman from requesting Ameli-Tehrani's tax returns at a later date or from another source." Id. at 4. With regard to the Magistrate Judge's irrelevance/overbreadth rationales, Whiteman raises three points. First, he argues that Ameli-Tehrani obtained similar documents pertaining to him. Id. at 4. Second, he argues that "[t]he documents . . . will reveal Ameli-Tehrani's treatment of the promissory note and the facts and circumstances surrounding her purchase of Whiteman's [South University Properties] interests and buy out." Id. at 5.[3]

---

[3] Whiteman's explanation was more thorough in his response to the motion before the Magistrate Judge:

> [Ameli-Tehrani's] tax returns are directly related to the claims and defenses of both parties as they are relevant to the issue of the discharge of

3

Third, he argues that the subpoena requests are not overbroad because they are limited to the documents from 2004 (the year the promissory note was issued) and after. Id. at 5.

### B. Analysis

A district court may reverse a magistrate judge's nondispositive order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72 ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); McQueen v. Beecher Comm. Schs., 433 F.3d 460, 472 n.11 (6th Cir. 2006).

Employing the above standard, the Court finds Whiteman's arguments persuasive as to the tax return documents. With regard to circumvention of Judge Rosen's order, the order was quite limited in its scope. It rejected Whiteman's motion to compel because Judge Rosen had set out specific motion-to-compel deadlines in his scheduling order, which Whiteman violated. D.E. 18. The order was specific to the type of motion then at issue (motion to compel) and the timing of Whiteman's submission of that specific motion after Ameli-Tehrani's failure to provide the documents requested. In contrast, the issue before the Magistrate Judge was (at least in part) a subpoena to Schmidt making a completely new and separate request.

With regard to irrelevance/overbreadth, Whiteman's argument is not completely persuasive. Whiteman does not explain how all of the documents requested in the subpoena "will reveal Ameli-Tehrani's treatment of the promissory note and the facts and circumstances

---

Whiteman's debt. Specifically, as consideration for Whiteman's interest in South University Properties LLC ("SUP"), Ameli-Tehrani discharged Whiteman's promissory note . . . and paid Whiteman an additional $200,000. Exhibit A, ¶ 12. In connection with her purchase of Whiteman's interest in SUP, Ameli-Tehrani should have recognized income on the accrued interest on the Whiteman Note and such income should be reflected on her tax returns.

D.E. 20 at 9.

surrounding her purchase of Whiteman's [South University Properties] interests." D.E. 40 at 5. But as to the tax returns specifically, Whiteman is convincing. He argued before the Magistrate Judge that the tax returns would be relevant because "[i]n connection with her purchase of Whiteman's interest in SUP, Ameli-Tehrani should have recognized income on the accrued interest on the Whiteman Note and such income should be reflected on her tax returns." See supra note 3. Although this argument does not make the case that all of Ameli-Tehrani's tax returns from 2004 to the present are relevant, it does indicate that at least one or some of Ameli-Tehrani's tax returns (for the year(s) reflecting the South University Properties sale) would be.

Accordingly the Court sets aside the portions of the Magistrate Judge's September 2, 2010 order granting Ameli-Tehrani's motion to quash/for protective order as to the tax return documents for the years 2006, 2007, and 2008 (the year of and the years before and after the South University Properties sale). These documents must be produced to Whiteman.

## II. Docket entry 82

The Magistrate Judge's December 22, 2010 order explains the relevant factual background for Ameli-Tehrani's current objection:

> Plaintiff served her First Request for Admissions and Second Interrogatories and Requests to Produce Documents on Defendant on September 15, 2010. Defendant served written objections to the requests on October 15, 2010. Plaintiff now moves for an Order compelling Defendant to serve complete responses to Request for Admissions nos. 8, 9, 10, and Interrogatories nos. 5 and 7, and produce documents responsive to Plaintiff's document requests nos. 2, 3, 4, and 5.
>
> The Court's April 12, 2010 Scheduling Order provides that all discovery must be initiated in advance of the September 15, 2010 discovery cut-off date. (Docket no. 14). Plaintiff acknowledges that she served her discovery requests on September 15, 2010. Accordingly, Plaintiff's First Requests to Admit and Second Interrogatories and Requests to Produce Documents are untimely and will be denied.

D.E. 81. Ameli-Tehrani objects to the Magistrate Judge's conclusion, seemingly arguing that the scheduling order in effect provided that discovery need only be initiated – not completed – by the cut-off date. See D.E. 82 at 1-2.

Ameli-Tehrani's argument has no merit. The scheduling order plainly states as follows:

The Discovery Cut-off date is: **September 15, 2010**.

ALL DISCOVERY SHOULD BE INITIATED IN ADVANCE OF THE DISCOVERY CUT-OFF DATE.

D.E. 14 at 2. The order could not state more clearly that discovery requests were to have been initiated before September 15, 2010. Ameli-Tehrani does not dispute that she first served her discovery requests on September 15, 2010. Accordingly, there is no basis to set aside or reconsider the Magistrate Judge's order.

Whiteman's request for costs and fees, D.E. 83 at 2, is denied.

### III. Conclusion

For the reasons explained above, the Court orders as follows.

1. "Defendant/Counter-Plaintiff L. Kent Whiteman's Objection to Portions of Magistrate Judge Majzoub's Order Dated September 2, 2010" (D.E. 40) is granted in part and denied in part.

2. Whiteman must be provided with the tax return documents requested for the years 2006, 2007, and 2008 by April 22, 2011.

3. "Plaintiff [Roshanak Ameli-Tehrani]'s Objection to Magistrate's Order" (D.E. 82) is denied.

4. Whiteman's request for costs and fees is denied with regard to D.E. 82.

IT IS SO ORDERED.

Dated: April 8, 2011

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2011.

s/Lisa Wagner for Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager